NEWTON COTTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10731.   Promulgated May 28, 1928.

*William M. Williams, Esq.,* and *E. B. Quiggle, Esq.,* for the petitioner.

*L. C. Mitchell, Esq.,* for the respondent.

OPINION.

MORRIS: The principal question to be determined by this proceeding is the fair market price or value of the land, buildings, machinery, and equipment belonging to the Newton Cotton Mills on March 1, 1913. We have determined as a fact that these assets had a value on that date of $250,000. This finding was supported by the opinions advanced by the experts who were placed on the stand by the petitioner. Their opinions stood up under cross-examination, and their testimony was not contradicted, nor refuted.

One of the experts computed the value on a per spindle basis, testifying to a value of $30 to $35 per spindle. This witness had lived near the property for a period of 68 years; he had been engaged in the cotton mill business since 1880; he had built three cotton mills somewhat similar to petitioner's, and after their construction had

acted as the general manager of all three mills; and he was often about the petitioner's mill and was familiar with it. He placed a value of from $20,000 to $30,000 on the acreage on which the mill property is located, his valuation being based on his experience in the sale of approximately 1,000 acres of land in an adjoining community. He placed a value of $250,000 to $260,000 on the buildings, machinery, and equipment on March 1, 1913.

The other expert had been engaged in the buying and selling of cotton mills, cotton mill machinery, textile machinery, and mill supplies since 1904. He had bought and sold mills or machinery, and sometimes both, in Louisiana, Mississippi, Alabama, Georgia, and South Carolina. He had purchased a 5,000-spindle yarn mill in South Carolina in 1915 or 1916, located approximately 80 miles from Newton, for a consideration of $160,000, which he had enlarged by the addition of weaving machinery so as to produce both yarn and cloth at an additional cost of $175,000. He was familiar with the experiments which the petitioner had been conducting relative to the use of waste cotton as a filler, and he testified that the petitioner's mill was the only one which had been able to obtain any satisfactory results, and that such use of waste cotton gave the petitioner a distinct advantage over competing mills. He was familiar with the petitioners' plant and equipment and placed a minimum valuation thereon of $250,000.

The testimony of the experts was countered by the respondent with the argument that if the property sold for $280,000 in 1919 with business conditions decidedly favorable, the same property could not have been worth $250,000 in 1913; and with the further contention that on the basis of earnings the petitioner is not entitled to a valuation on March 1, 1913, of more than the amount heretofore allowed. The record contains evidence of but two sales which can be used as indices of value in 1913, namely, the sale in 1915 or 1916, and the sale of petitioner's property in 1919. The sale in 1915 or 1916 corroborates the values testified to by the experts, and is much closer in point of time. The increase in the number of spindles, to which respondent attributes considerable weight, is not reflected in the production records of the mill, so that while the number of spindles may have been increased, there was not a corresponding increase in the amount of finished goods. A similar situation exists with respect to checking the earnings against the value claimed on March 1, 1913. Due to the custom of the petitioner of charging numerous capital expenditures to expenses during the years, the net profits do not reflect the true earnings. We are of the opinion, therefore, after considering all the evidence, that the value of the land, buildings, machinery, and equipment on March 1, 1913, was $250,000, $20,000 of which represented the value of the land.

In addition to the capital items conceded by the respondent, which had been added during the period between March 1, 1913, and the date of sale, petitioner introduced testimony as to other capital additions made in 1914 and 1918. With respect to the $10,000 item which was arbitrarily determined and added to petitioner's plant account in 1914, we are not satisfied that Knox, the petitioner's secretary and treasurer, was qualified to fix the value on the two rooms which were covered by this estimate. He fails to support his estimate, other than that it represents his best guess. Such testimony is not sufficient to overcome the prima facie correctness of the respondent's determination, which is, therefore, approved. As to the additions of $2,802.06 and $10,462.50 for machinery, we are of the opinion that they represent capital expenditures, and should be added to the March 1, 1913, value of the assets in determining the gain derived from the sale thereof in 1919.

*Judgment will be entered under Rule 50.*